**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BYRON CARL BROWN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case No. CIV-07-1141-F** |
| ) | |
| **JOSEPH SCIBANA, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). As the Petitioner is presently in federal custody but is attacking a state court judgment, the Warden of the Federal Correctional Institution in El Reno where Petitioner is incarcerated and the Oklahoma Attorney General are named as Respondents. See Order dated October 30, 2007. [Doc. No. 8]. Both Respondents have moved to dismiss the action, and Petitioner has responded. For the reasons set forth below, it is recommended that the motion of Respondent Oklahoma Attorney General be granted and the action, construed either as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or § 2241, be dismissed as time-barred. Alternatively, it is recommended that the action, construed as one under § 2241, be dismissed for failing to seek relief cognizable under that provision. Further, it is recommended that the motion to dismiss by the Respondent Warden be denied as moot.

Although Petitioner is currently a federal prisoner, he is challenging the sentence he received upon revocation of a suspended sentence he received for the State crime of obtaining money or property by bogus check. Case No. CF-1996-1928, District Court of Oklahoma County. Petition, p. 2, 3. Petitioner claims that upon revocation of his suspended sentence on May 16, 2005, pursuant to his plea of guilty, the state district court gave him the option of a term of eight years imprisonment to be served concurrently with his federal sentence,[1] or two years to be served consecutively to his federal sentence. Petition, p. 4. He claims that at the time, there were only four years remaining on his State suspended sentence, making this option invalid. Id. He seeks either an order "revoking" the sentence to a four-year concurrent sentence, or re-sentencing. Id. at 5. Petitioner did not move to withdraw his guilty plea to the revocation proceeding, or otherwise appeal. Respondent Oklahoma Attorney General's Brief in Support of Motion to Dismiss, Ex. 1, p. 17-19. On August 4, 2005, Petitioner filed a motion for sentence modification, which was apparently [2] denied on March 10, 2006. Id. at 17-18; Petitioner's Traverse, p. 6. Respondent Oklahoma Attorney General has filed a motion to dismiss the petition as time barred.

## I. WHETHER CLAIM IS PROPERLY CONSTRUED UNDER SECTION 2254

At the outset, Petitioner objects to Respondent's motion by claiming (1) that the undersigned improperly characterized his petition as one under § 2254; and (2) that the §

---

[1] Case No. 04-CR-090-H, United States District Court for the Northern District of Oklahoma.

[2] Although the date of denial cannot be determined from the language of the docket entry in question, the surrounding docketing events make it appear that the motion was denied on this date. In any event, as will be discussed below, motions for sentence modification do not serve to toll the AEDPA limitations period so the precise date the motion was denied is immaterial to the issues discussed herein.

2244 limitations period is not applicable to petitions brought under § 2241. Petitioner's Traverse, p. 4. Although the undersigned finds the first proposition questionable, the second is clearly wrong.

When a state prisoner seeks habeas relief based on his sentence, the claim can involve the validity of the prison term or the way in which it is carried out. Section 2254 governs when the validity of the sentence is questioned, and § 2241 applies when the claim involves execution of a sentence. Davis v. Roberts, 425 F.3d 830, 833, 834 (10th Cir. 2005). In this case, Petitioner is clearly challenging the validity of his sentence, rather than its execution. He does not claim that the Federal Correctional Institution, the Federal Bureau of Prisons, or the Oklahoma Department of Corrections are administering his sentence in any way contrary to that imposed. Indeed, it is the sentence itself which he claims is invalid. As a result, he must present these claims through a petition under Section 2254 rather than 2241. Williams v. Sirman, 172 Fed. Appx. 862, 864 (10th Cir. Mar. 28, 2006) ("Because [the petitioner] does not attack the execution of his sentence, but rather the validity of his sentence as enhanced by a prior felony conviction, § 2241 is an inappropriate avenue of relief."); Clark v. Bruce, 159 Fed. Appx. 853, 856 (10th Cir. Dec. 20, 2005) (claim involving enhancement of the sentence, based on the use of two prior non-jury juvenile adjudications, implicated § 2254 rather than § 2241); Cotner v. State, 37 Fed. Appx. 360, 362 (10th Cir. Feb. 21, 2002) ( habeas claim involving improper enhancement of the sentence "should have

been brought under § 2254" rather than § 2241);[3] see also Davis v. Roberts, 425 F.3d 830, 833 (10th Cir.2005) ("to the extent that [the petitioner] contends that his present sentence is unlawful (because it was influenced by the improper execution of his 1991 sentence), the claim should be brought under 28 U.S.C. § 2254" (citation omitted)). Although Petitioner filed his petition on the form utilized by federal prisoners for filing applications for a writ of habeas corpus under § 2241, Petitioner thereafter filed a "Motion to Change Respondent to Oklahoma Department of Corrections (ODOC) Pursuant to Rule 19," and he specifically stated that he was "attacking a sentence imposed under State judgment." [Doc. No. 6]. Although the motion itself was denied, his request was granted to the extent that both the Warden and the Oklahoma Attorney General were listed as Respondents. Further, an order for response under § 2254 was issued in light of his representation and in light of the allegations in the petition (which clearly raised claims attacking the sentence and not its execution). Now, however, Petitioner claims that the undersigned recharacterized his pro se pleading as a § 2254 petition, and did not properly notify him of the Court's intent.

Even assuming that to be the case, and that this action is properly brought under § 2241, the AEDPA limitations period does apply and nonetheless renders the petition untimely in this case.

---

[3]These and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Section 2244(d)(1)'s one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," whether brought under § 2254 or § 2241. Dulworth v. Evans, 442 F.3d 1265, 1267-1268 (10th Cir. 2006).

Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) may apply to the petition, so

Respondent has properly analyzed its timeliness from the date Petitioner's revocation conviction became final by the expiration of the time for seeking direct review.

Petitioner plead guilty to his revocation case and the trial court sentenced him in accordance with that plea on May 16, 2005. Case No. CF-1996-1928, District Court of Oklahoma County; Respondent Oklahoma Attorney General's Brief in Support of Motion to Dismiss, Ex. 1, p. 16. Petitioner was required to file a Notice of Intent to Appeal and Designation of Record within ten (10) days following that date, but did not do so. "The filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal." Rule 2.1(B).[4] Burnham v. State, 43 P.3d 387, 390 (Okla. Crim. App., 2002). As he did not, his conviction became final for limitations purposes on May 26, 2005. Therefore, the one-year limitations period began to run on May 27, 2005, and expired on May 27, 2006. See Haws v. Jorgensen, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition was filed October 11, 2007, which is over seventeen

---

[4]Appeal from an order revoking a defendant's suspended sentence based on a plea is by petition in error, rather than by certiorari appeal because an order of revocation is not a conviction. Okla. Stat. tit. 22, §§ 991b; 1051(a); Court of Criminal Appeals Rules 1.2(D)(4), 1.4( A), 2.1(B), 3.1(C), Okla. Stat. tit. 22, Ch. 18, App; Burnham v. State, 43 P.3d 387, 389-90 (Okla. Crim. App. 2002).

months after the limitations period expired. Petition, p. 1. Thus, absent statutory or equitable tolling, the petition is untimely.

### A.  Statutory Tolling

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period toll it. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Although Petitioner filed a motion for sentence modification under Okla. Stat. tit. 22, § 982a prior to the expiration of the limitation period, the Tenth Circuit Court of Appeals has held that "such motions seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period." Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. Aug. 2, 2005). Accordingly, there is no statutory tolling available.

### B.  Equitable Tolling

The limitations period may also be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and he bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary

circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. Cooper v. Bravo, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller).

Petitioner suggests that his failure to timely file the petition should be excused for two reasons: because he filed a motion for sentence modification; and because he "requested that his attorney Mario Palumbo file a direct appeal and attorney Palumbo failed to do so without Petitioner's knowledge or consent." Petitioner's Traverse, p. 6-7. The undersigned does not find either of these factors persuasive. First, Petitioner's conclusory statement provides no specifics, and he waited over three months before seeking discretionary review for what he now claims is an invalid sentence; moreover, the state docket shows that he failed to diligently pursue even that remedy once it was filed. Although Petitioner's claim herein is not one for ineffective assistance of counsel, following a guilty plea there is no duty to notify a defendant of the right to appeal unless the defendant inquires or counsel knows or should have known of his client's claim. Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir.1992). Petitioner has simply provided no details which would support his claim that he requested an appeal or any other factor supporting equitable tolling due to the actions of counsel. Second, although an attorney's failure to perfect an appeal if requested, without disclosure to the petitioner, "might constitute the type of extraordinary circumstances warranting the application of equitable tolling," Cooper v. Bravo, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citation omitted), the petitioner must show diligence once he learns that the attorney has failed to appeal. Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)

8

("a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter" (citation omitted)). Petitioner has not shown the diligence necessary for such equitable tolling. The docket shows that Petitioner must have learned by at least August of 2005 – when he sought sentence modification himself – of the attorney's failure to lodge an appeal. Nonetheless, he waited well over two years after that to bring this action. Petitioner, in the most conclusory of terms, blames counsel for the delay, but fails to account for his own failure to track the proceedings and to act once his attorney did not. Stanley v. McKune, 133 Fed. Appx. 479, 480 (10th Cir. May 23, 2005) ( refusing to apply equitable tolling based on an attorney's failure to file an appeal when the petitioner did not timely seek to rectify the mistake); Loving v. Mahaffey, 27 Fed. Appx. 925, 926 (10th Cir. Dec. 10, 2001) (holding that equitable tolling was unavailable due to the habeas petitioner's lack of diligence, notwithstanding his placement of blame on his attorney for failure to file a notice of appeal as requested).

Even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner waited until

seventeen months after the limitations period expired to bring this federal attack on his sentence. In light of this significant delay, equitable tolling is not appropriate.

Petitioner also claims that Respondent has "waived" its limitations defense by failing to comply with the Court's order for response [Doc. No. 7] requiring it to submit various documents and materials. Traverse, p. 5. However, the Court's order clearly permits a respondent to file a motion to dismiss in lieu of a formal response. Petitioner also states that he lacks State remedies and process to correct the alleged invalid sentence he received. Traverse, p. 5. This is clearly not the case. The revocation of a suspended sentence "*is governed by the same procedure as perfection of a regular misdemeanor or felony appeal.*" Okla. Stat. tit. 22, Ch. 18, App., Rule 1.2 (D)(4).

### III. SECTION 2241 CLAIM NOT COGNIZABLE

Petitioner claims that the undersigned improperly recharacterized his claims under § 2254. However, Petitioner is clearly attacking the sentence he received upon his revocation conviction and not the execution of the sentence he received. As noted above, § 2254 and not § 2241 is the proper vehicle for such an attack. Accordingly, the undersigned alternatively recommends that the petition, construed as one under § 2241, be denied.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the Motion to Dismiss the Petition for a Writ of Habeas Corpus of Respondent Oklahoma Attorney General [Doc. No. 13] be granted, that the Motion to Dismiss of Respondent Scibana [Doc. No. 16] be denied as moot, and that in light of these recommendations, that Petitioner's motions for appointment of

counsel [Doc. Nos. 10, 20] be denied as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 7, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 17th day of April, 2008.**

*[signature]*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE